IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GUSTAVO A. BADELL GÓMEZ, et al.,

   Plaintiffs,

       v.                                   CIVIL NO. 10-2145 (MEL)

RAFAEL FAMILIA MORELL, et al.,

   Defendants.

**OPINION AND ORDER**

On April 20, 2011, an Initial Scheduling Conference ("ISC") was held during which various deadlines were set, including but not limited to the date in which the answers to the written discovery requests served were due: June 6, 2011. (Docket No. 27). A few days later, on May 3, 2011, the court issued an Amended Case Management Order ("CMO") that incorporated the deadlines set in the ISC and warned that failure to comply with the deadlines would result in the imposition of sanctions. (Docket No. 28).

On June 20, 2011, defendants Rafael Familia-Morel and Fadel Rental, Inc. filed a motion to compel informing that they had submitted a "First Set of Interrogatories and Request for Production of Documents" to plaintiffs Gustavo A. Radell-Gómez and Jessica Rodríguez-Díaz on May 9, 2011 and that as of June 20, 2011, despite attempts to contact plaintiffs' counsel by e-mail and telephone, the interrogatories had not been answered and the documents requested had not been produced. (Docket Nos. 29 at ¶6; 31). Plaintiffs never filed a response to defendants' motion to compel.

On July 15, 2011, defendants filed a second motion to compel alerting the court once again of plaintiffs' failure to comply with the discovery timetable and answer the discovery requests mentioned in the first motion to compel. (Docket No. 32) In the second motion to compel, defense counsel

informed that he has tried to reach plaintiffs' counsel on several occasions by telephone and "left a couple voice-mails that remain unanswered." (Docket No. 32-1). On July 16, 2011, the court granted the first motion to compel, which was unopposed, and stated: "Plaintiffs shall show cause by July 22, 2011, as to why sanctions, monetary or otherwise, should not be imposed for their failure to produce their answers to the written discovery requests in a timely manner." (Docket No. 34). In response, on July 22, 2011 plaintiffs' counsel Raquel Lozada-Santiago advised the court that she suffers from osteochondritis and that she has to take medications that cause her dizziness. (Docket No. 35). In said motion, plaintiffs' counsel also requested an extension until "next Thursday", which turned out to be July 28, 2011. Id. On August 7, 2011, the court granted plaintiffs' motion for extension of time with the following clarification: "The answers to the interrogatories should have already been produced since the extension expired on 7/28/11." (Docket No. 37).

On this same date, that is August 7, 2011, the court also denied without prejudice plaintiffs counsel's motion to withdraw as attorney of record. (Docket Nos. 36 and 38).[1] In its order, the court stated the following: "This motion [for leave to withdraw as attorney] may be filed again once a new attorney has made a notice of appearance. <u>In the meantime, all counsel of record are expected to continue complying with the deadlines set by the court</u> (Docket No. 28 [CMO] at p.2)." Id. (Emphasis added).[2]

On September 12, 2011, defendants filed a third motion to compel, stating that even though plaintiffs did answer the interrogatories on July 22, 2011 and produced additional documentary evidence on August 16, 2011, both were effectuated in an incomplete and deficient manner, prompting defense

---

[1] No mention of any health issues is made in counsel Lozada-Santiago's motion to withdraw. (Docket No. 36).

[2] Plaintiffs were originally represented by counsel Manuel R. Suárez Jiménez. (Docket Nos. 1). Even though counsel Suárez requested leave to withdraw from the case, his motion was denied by the court pending appearance of new counsel. (Docket Nos. 12; 13). On February 10, 2011, counsel Lozada-Santiago appeared on behalf of all plaintiffs. (Docket No. 14).

3

counsel to send letters to plaintiffs' counsel on August 8 and 18, 2011 requesting complete answers to the discovery requests. (Docket No. 39 at ¶¶4, 5; 39-1; 39-2). In the third motion to compel, defendants requested the imposition of sanctions, "including the dismissal of the complaint." (Docket No. 39 at 3). Plaintiffs never filed any response to defendants' third motion to compel.

On September 29, 2011, defendants filed a motion to dismiss for want of prosecution and failure to comply with the CMO and the deadlines set at the ISC. (Docket No. 40). As of today, plaintiffs have not filed any response in opposition to defendants' motion to dismiss.

The discovery phase of this case was scheduled to conclude on September 30, 2011. Evidently, even the written portion of the discovery (i.e., interrogatories, requests for production of documents, requests for admissions), which should have concluded by June 6, 2011, is still incomplete due to plaintiffs' procrastination throughout the discovery process. Plaintiffs have not filed any response to three motions to compel (at least one of which requested dismissal of the complaint) and one dispositive motion filed by defendants. The CMO issued by the court clearly warned the parties that failure to comply with the court's deadlines would result in the imposition of sanctions.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in Fed.R.Civ.P. 41(b). Lack of diligent prosecution is such a reason." Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-26 (2002) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962)). "In general, the sanction of dismissal for lack of prosecution is appropriate only when plaintiff's misconduct is serious, repeated, contumacious, extreme, or otherwise inexcusable." Bachier-Ortiz v. Colón-Mendoza, 331 F.3d 193, 195 (1st Cir. 2003) (citation omitted).

The case at bar presents a pattern of delay that is inexcusable. Although counsel Lozada-Santiago's motion for leave to withdraw as attorney of record was denied without prejudice until a new

attorney made an appearance, the court made it clear in its order that in the meantime all counsel of record were expected to continue complying with the deadlines set by the court. (Docket No. 38). More than two months have elapsed since counsel Lozada-Santiago filed her motion requesting leave to withdraw; plaintiffs have had ample time to retain the services of a new attorney. Furthermore, within the past forty-five days, twice have defendants requested dismissal of the complaint, and yet plaintiffs have not filed any response in opposition or even a motion for extension of time.

WHEREFORE, in light of plaintiffs' lack of diligent prosecution, pursuant to Fed.R.Civ.P. 41(b) defendants' motion to dismiss for want of prosecution and failure to comply with the court's orders (Docket No. 40) is GRANTED. The complaint is hereby DISMISSED WITH PREJUDICE. Defendants shall inform the court by November 1, 2011 whether they wish to pursue their counterclaim or desist of the same in view of the court's order. The Clerk of the Court shall mail a copy of this order to plaintiffs Gustavo A. Radell-Gómez and Jessica Rodríguez-Díaz by e-mail to gjbadell@aol.com and by regular mail to the following address: Urb. El Palmar Sur, #14 Calle Mar Mediterráneo, Carolina, Puerto Rico 00979.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of October, 2011.

s/ Marcos E. López  
United States Magistrate Judge